# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER MICHAEL STEBBINS,<br><br>Defendant. | CR-20-49-GF-BMM-1<br><br>**ORDER** |

## INTRODUCTION

Defendant Christopher Michael Stebbins ("Stebbins") filed a motion to reduce his sentence on February 12, 2024. (Doc. 87.) The U.S. Probation Office completed its review of Stebbins's sentence reduction eligibility on February 12, 2024. (Doc. 89.) The government opposes Stebbins's motion. (Doc. 91.)

## FACTUAL BACKGROUND

U.S. Probation determine that Stebbins proves eligible for a criminal history reduction based on the retroactive application of U.S. Sentencing Commission, Parts A and B, Subpart 1 of Amendment 821 ("821"). U.S. Probation determined that Stebbins qualifies for a criminal history point reduction from 5 to 3, leading to Stebbins's criminal history category being II, not III. U.S. Probation calculates that

Stebbins's new guideline range is 168 to 210 months' custody. Stebbins's previous guideline range was 188 to 235 months' custody.

The Court sentenced Stebbins to 150 months' incarceration with 5 years' supervised release to follow on Count I, and 150 months' incarceration with 5 years' supervised release to follow on Count II, running concurrently. (Doc. 78.) The government contends that Stebbins's sentence cannot be reduced because his 150-month sentence remains below his new guideline range of 168 to 210 months' custody. (Doc. 91 at 10.)

## DISCUSSION

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(2)(A), as the applicable Sentencing Commission policy statement, provides that a defendant's term of imprisonment may not be reduced under 3582(c)(2) to a carceral term less than the minimum of the amended guideline range. U.S.S.G. 1B1.10. A court may apply a sentence reduction, however, where a defendant's term of custody is less

than the amended guideline range because of the defendant's "substantial assistance to authorities." *Id.*

The parties agree that Section 1B1.10(b)(2)(A) bars a reduction in Stebbins's sentence because his 150-month carceral sentence remains less than the amended guideline range of 168 to 210 months' custody. (*See* Doc. 91 at 10); (Doc. 92 at 3.) Stebbins argues instead that the substantial assistance exception for a below-guidelines sentence punishes him for exercising his constitutional right to a trial by jury. (Doc. 92 at 4.) The Court disagrees.

Though not directly on point, the Fourth Circuit's analysis in *United States v. Spruhan*, 989 F.3d 266, 270 (4th Cir. 2021), proves persuasive. The Fourth Circuit in *Spruhan* considered whether Section 1B1.10(b)(2)(A) violated the Equal Protection clause. *Id.* The Fourth Circuit determined that the government's interest in using eligibility for a sentence reduction as a method to induce cooperation served as a plausible rationale supporting Section 1B1.10(b)(2)(A). *Id.*

It appears that Stebbins conflates the denial of a benefit to a punishment. The Court recognizes the government's interest in encouraging defendants to cooperate with authorities and the potential incentives, including reduced sentencing recommendations, to secure such cooperation. Stebbins exercised his right to a jury trial and was subsequently convicted. (*See* Doc. 58.) Stebbins chose not to receive the benefit of substantial cooperation. Not receiving such benefit does not amount

to a punishment, especially given the context that Stebbins received a sentence considerably below his guideline range.

The Court is cognizant of the peculiarity of Stebbins's position. Stebbins received a sentence substantially below his guideline range, and now cannot benefit from a retroactive change to 821. The Court questions whether the exception laid out in Section 1B1.10(b)(2)(A) comports with the ideals of 18 U.S.C § 3553(a), including the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. With these reservations in mind, the Court declines to reduce Stebbins's sentence absent guidance from the Ninth Circuit concerning the application of the Section 1B1.10(b)(2)(A) exception to 821 reductions.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Stebbins's motion to reduce sentence (Doc. 87) is **DENIED**.

DATED this 30th day of April 2024.

_____
Brian Morris, Chief District Judge
United States District Court